Citation Nr: 21049964
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 19-05 667
DATE: August 13, 2021

REMANDED

Entitlement to service connection for residuals of a cerebrovascular accident, claimed as a stroke, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1959 to August 1979, to include service in Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2015 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). In a subsequent July 2020 decision, the Board, in part, denied the Veteran's claim for service connection for residuals of a stroke, claimed as secondary to Agent Orange exposure. In April 2021, the U.S. Court of Appeals for Veterans Claims (Court) granted a Joint Motion for Partial Remand (Joint Motion) which vacated the Board's denial of service connection for residuals of a stroke, and remanded the issue to the Board for further development. 

Entitlement to service connection for residuals of a cerebrovascular accident, claimed as a stroke is remanded.

The Veteran seeks service connection for residuals of a cerebrovascular accident. He asserts this disability results from in-service exposure to herbicide agents, to include Agent Orange. Because the Veteran had service in Vietnam, his exposure to herbicides is conceded by VA. According to the Joint Motion, VA erred in failing to obtain, or assist the Veteran in obtaining, private treatment records from the Columbia Eye Clinic and Dr. Stephen Serbin. 

Additionally, the Joint Motion found the Board failed to either obtain a medical opinion regarding the etiology of the Veteran's cerebrovascular accident, or adequately explain why such an examination or opinion was not necessary. Upon review of the record, the Board finds a remand is warranted to afford the Veteran such a medical opinion, as a February 2018 private medical opinion suggests the Veteran's Agent Orange exposure "may be pertinent" to his cerebrovascular accident. 

The matters are REMANDED for the following action:

1. Request the Veteran complete a current VA Form 21-4142 for the Columbia Eye Clinic, Dr. Stephen Serbin, and any other private care providers not yet of record who have treated his cerebrovascular accident and residuals. Make appropriate requests for the authorized records from any identified care providers, unless it is clear after the first request that a second request would be futile. 

2. Forward the claims file to an appropriate health care provider to determine the etiology of the Veteran's cerebrovascular accident. The examiner is asked to provide a response to the following:

Is the Veteran's cerebrovascular accident at least as likely as not related to service, including Agent Orange exposure therein? In determining the etiology of the Veteran's cerebrovascular accident, the examiner is reminded that the Veteran is presumed to have been exposed to tactical herbicide agents (Agent Orange). The examiner is also requested to address the assertions by the Veteran and his wife that he displayed stroke-type symptoms prior to his 2014 knee replacement surgery. 

A clear medical rationale to support the opinion provided is necessary. 

3. After undertaking any additional development deemed appropriate and giving the Veteran full opportunity to supplement the record, adjudicate the Veteran's pending claim in light of any additional evidence added to the record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished with a Supplemental Statement of the Case and be afforded the applicable opportunity to respond before the record is returned to the Board for further review.

 

 

M. Donohue

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Thomas D. Jones, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.